ORDER AFFIRMING IN PART AND REMANDING IN PART
Background
¶ 1 Appellant, David Smith, filed a Petition for Review and a Motion for Stay of Judgment on September 12, 2016, challenging the Tribal Court Order for Execution of Judgment issued on August 24, 2016.
¶2 On February 15, 2012, the Tribal Court issued a Divorce Decree in this matter. That Order required David Smith to pay Sonya Smith $300 per month for alimony for a total of sixty (60) months or five years, beginning March 1, 2012. The Order also required David Smith to pay child support for his two children in the amount of $600 per month. On March 13, 2014, the Tribal Court modified the Divorce Decree by vacating the order for child support per agreement of the parties. On October 16, 2014, Sonya Smith filed a Petition to Execute Judgment. The Tribal Court issued an Order on December 16, 2014, requiring David Smith to continue to pay $300 per month in alimony on the first of each month as previously ordered. On June 30, 2015, Sonya Smith filed another Petition to Execute Judgment, claiming David Smith was not compliant with the previous orders to pay alimony and also owed back child support in the amount of $2,923.45. On September 9, 2015, the Tribal Court issued an Order requiring David Smith again to comply with the previous orders and start paying by September 1, 2015. The Court also advised that Sonya Smith could request the Prosecutor’s Office file a criminal contempt charge against him for non-compliance.
¶3 On March 16, 2016, Sonya Smith filed an Affidavit stating that David Smith was still non-compliant with the prior Tribal Court Orders. In response, the Tribal Court set a hearing for an Order to Show Cause to determine why David Smith should not be held in contempt of court for failing to abide by previous court orders. A hearing was held on June 28, 2016, but it was subsequently continued to allow the parties to provide an accounting for payments made. The Tribal Court held the hearing on August 23, 2016. At that hearing, the Tribal Court Judge found that Sonya Smith accounted for $1600.93 in payments previously made by David Smith. David Smith accounted for $1200 in payments. The parties had duplicate records of $600, therefore the Court found David Smith had paid a total of $2200.93. The Court then found that the Judgment (alimony ordered in the Divorce Decree) *458 was 58 months old and therefore David Smith’s current amount due at the time of the hearing on August 23, 2016 was $17,400. Taking into consideration the $2200.93 already paid, the Court calculated that David Smith owed $15,199.07 at the time of the hearing. The Court ordered David Smith to pay that amount plus $600 for the remaining two months due for a total of $15,799.07 by October 14, 2016. The Court further ordered that David Smith’s property, which was alleged to be owned jointly with his current wife, be seized to satisfy the judgment if he fails to pay by that date.
Statement of Jurisdiction
¶ 4 The Fort Peck Appellate Court has jurisdiction to review all final orders from the Fort Peck Tribal Court when a timely appeal is made. 2 CCOJ § 202. The order signed and dated August 24, 2016 is a final order and the notice of appeal is deemed timely filed.
Standard of Review
¶ 5 The jurisdiction of the Court of Appeals is extended to review determinations of the Tribal Court on matters of law, but the Appellate Court shall not set aside factual findings if such findings are supported by substantial evidence. 2 CCOJ § 202.; Sunrise Lumber v. Gerald Johnson, FPCOA # 165 (June 30, 1999).
Issue
¶ 6 The following issues have been raised for review by Appellant Smith:
1. Were the findings of fact issued by the Court calculating the amount of payments due supported by substantial evidence?
2. Did the lower court abuse its discretion when it issued an Order for Execution of Judgment on alimony payments that had not come due at the time of the hearing pursuant to the Divorce Decree?
Discussion
¶ 7 In the case at hand, the Court made several findings of fact that are not supported by substantial evidence in the record. On February 15, 2012, the Divorce Decree issued by the Tribal Court required Appellant Smith to make alimony payments to Sonya Smith in the amount of $300 per month commencing March 1, 2012 and continuing for 60 months thereafter. First, the Court found that the Judgment for alimony was 58 months old at the time of the hearing on August 23, 2016 when in fact it was only 53 months old. Based on that incorrect finding of fact, the Court concluded that the amount of alimony due was $17,400 when it was actually $15,900. Therefore, because the payments were due at the beginning of each month, the Execution of Judgment could only require Appellant Smith to pay $15,900 minus the $2200.93 already paid, for a total of $13,699.07 at the time that the hearing was held on August 23, 2016.
Although Appellant did not raise the issue, on remand the Tribal Court should also examine whether the Court previously addressed child support arrears due prior to vacating the child support obligation. Appellee Smith did raise the issue in a prior Petition, but it was never addressed by the Court.
Additionally, after the Tribal Court issues a judgment for alimony, and possibly child support arrears, the Court should hold a subsequent hearing to extensively review and analyze what assets and property may legally be attached to satisfy that judgment. The Tribal Court properly concluded that a judgment constitutes a lien on non-exempt property pursuant to the Fort Peck Rules of Civil Procedure. 8 CCOJ 305. If the judgment is not satis *459 fied within 60 days, or another time frame established by the Court, then the creditor can apply to the Court for the purpose of itemizing the debtor’s property. 8 CCOJ 304(a). In order to itemize property, the Court should review legal ownership of the property and determine what property is available for execution. For example, Montana law does not allow the property of a married person to be liable for the debts of the person’s spouse contracted before the marriage. MCA 40-2-208. Although the Tribal Code does not contain this prohibition, it would be in the Tribal Court’s discretion to determine whether property acquired by a spouse prior to marriage should be subsequently liable to pay off their spouse’s debts. Furthermore, certain personal property, such as vehicles or houses, is generally subject to prior security interests. The Tribal Court should, as part of its investigation, also determine whether there are other liens on the property that may take priority. The Tribal Court’s analysis should be thoroughly documented in order to ensure any property subject to attachment and seizure to satisfy the entered judgment amount complies with all tribal code requirements.
Order
¶ 8 Based on the above, this Court concludes the Tribal Court’s findings of fact were not supported by substantial evidence. The incorrect calculations of payments due are hereby set aside as they are not supported by the evidence presented. This Court further finds the lower court abused its discretion in its Order for Execution of Judgment by ordering Appellant Smith to pay alimony that had not yet come due according to the Divorce Decree.
Therefore, this matter is hereby REMANDED back to the lower court with directions to recalculate the amount of alimony due based on the timeline set forth in the Divorce Decree. The Court should also determine whether the issue of child support arrears was adjudicated previously by the Court and ensure any property used to satisfy a judgment be properly identified and attached in accordance with applicable laws.
SO ORDERED.